# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case Number: |
| v. | )<br>) JURY DEMAND |
| HAWKINS WAY CAPITAL, LLC, 613 NORTH WELLS STREET, LLC. d/b/a FOUND HOTEL, THE HWOOD GROUP, LLC; JOEL BROWN, individually, KENNETH LUNN, individually, and ROBERT J. BRESSINGHAM, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, Endurance American Insurance Company ("Endurance"), by and through its counsel, Cozen O'Connor, and files this Complaint for Declaratory Judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, seeking a declaration of its rights and responsibilities under a Commercial Excess Liability Insurance Policy issued to Defendant Hawkins Way Capital, LLC. Plaintiff, Endurance, alleges as follows:

### INTRODUCTION

1. This is an action for declaratory judgment, brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, to determine and resolve questions of actual controversy involving a Commercial Excess Liability Insurance Policy issued by Endurance to Defendant Hawkins Way Capital, LLC ("Hawkins Way"). Specifically, the parties dispute whether Endurance owes an obligation to indemnify Hawkins Way and Defendants 613 North Wells Street, LLC., d/b/a Found Hotel, The HWood Group, LLC., Joel Brown, and Kenneth Lunn ("Underlying Defendants") with respect to a pending personal injury lawsuit filed against the Underlying

Defendants by Defendant Robert J. Bressingham ("Underlying Plaintiff"), in the Circuit Court of Cook County, Illinois, under case number 2023L009242 (the "Underlying Lawsuit").

2. Endurance issued a Commercial Excess Liability Insurance Policy, bearing policy number ELD300000055205, to Hawkins Way as the Named Insured, for the period January 31, 2021 to January 31, 2022 ("Endurance Policy").

3. On September 13, 2023, Robert J. Bressingham ("Bressingham" or "Underlying Plaintiff"), filed a lawsuit captioned *Robert J. Bressingham v. 613 North Wells Street, LLC., d/b/a Found Hotel, the HWood Group, LLC., Hawkins Way Capital, LLC., Joel Brown, individually, and Kenneth Lunn, individually.*, Case No. 2023L00942, in the Circuit Court of Cook County, Illinois ("Original Complaint"), and which was Amended via First Amended Complaint on or about May 8, 2025 ("First Amended Complaint", and, referenced together as the "Underlying Lawsuit").

4. Both the Original Complaint and First Amended Complaint allege that on September 16, 2021, Bressingham was a guest of the Underlying Defendant, the Found Hotel, located at 613 North Wells Street, Chicago, Illinois, when he was physically attacked and battered, including being stabbed 6 times by Underlying Defendant Brown, the front desk agent and agent and/or employee of the Found Hotel.

5. In this declaratory judgment action, Endurance seeks a declaration from this Court that it has no obligation to indemnify the Underlying Defendants under the Endurance Policy with respect to the Underlying Lawsuit because coverage is excluded by the Endurance Policy's Assault and Battery Exclusion.

## THE PARTIES

6. Endurance is a corporation organized and existing under the laws of Delaware with its principal place of business in New York.

7. Upon information and belief, Hawkins Way is a real estate company with its principal place of business in Beverly Hills, California. The Endurance Policy was issued to Hawkins Way in California. Based upon the Original Complaint and First Amended Complaint, Hawkins Way is a limited liability company operating and doing business in Illinois. Hawkins Way is a citizen of California and Illinois.

8. Upon information and belief, The HWood Group, LLC is a limited liability company operating and doing business in Illinois with its principal place of business in West Hollywood, California. The HWood Group, LLC is a citizen of California and Illinois.

9. Upon information and belief, 613 North Wells Street d/b/a Found Hotel is a limited liability company registered to do business in Illinois with its principal place of business located in Chicago, Illinois. 613 North Wells Street d/b/a Found Hotel is a citizen of Illinois.

10. Upon information and belief, Brown is a resident and citizen of Illinois.

11. Upon information and belief, Lunn is a resident and citizen of Illinois.

12. Bressingham is named as a defendant in this declaratory judgment action only because he may be an interested party with respect to the availability of insurance coverage to the Underlying Defendants and to bind him to any judgment issued. Bressingham is a resident and citizen of Illinois.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because Endurance is citizen of Delaware and New York;

Defendant Hawkins Way is a citizen of California and Illinois; Defendant HWood Group is a citizen of California and Illinois; and the remaining Defendants are citizens of Illinois. The amount in controversy exceeds the jurisdictional threshold of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because acts and/or omissions complained of in the Underlying Lawsuit, which is the basis of this Declaratory Judgment Action, occurred in this District.

15. This Declaratory Judgment Complaint is filed pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* An actual, justiciable controversy exists between Endurance, the Underlying Defendants, and Bressingham that involves the rights and liabilities under a contract of insurance, and this controversy may be resolved by a judgment in this action without regard to other lawsuits.

## THE UNDERLYING LAWSUIT

16. On September 13, 2023, Bressingham filed his Original Complaint in the Underlying Lawsuit against the Underlying Defendants. (A true and correct copy of the Original Complaint is attached as **Exhibit A**).

17. The Original Complaint alleges that on September 16, 2021, while Bressingham was at the front desk as a guest of the Found Hotel, Brown, an alleged joint employee and agent of the Underlying Defendants, "began to react aggressively and violently towards [Bressingham], physically attacking and battering [Bressingham], knocking [Bressingham] to the floor of the lobby, throwing items around the lobby, and stabbing [Bressingham] six (6) times in the lateral

https://cozen-my.sharepoint.com/personal/pmiller_cozen_com/Documents/Sompo Hawkins Way DJ (003).docx

chest, trunk, and upper thigh as [Bressingham] attempted to escape the Found Hotel and Brown." (See Exhibit A at Para. 14).

18. The Original Complaint also alleges that prior to September 16, 2021, Brown engaged in loud, threatening, aggressive and violent behavior to guests and that multiple members of the Found Hotel staff, including Underlying Defendant, hotel manager Lunn, were aware of this conduct. (See Exhibit A at Paras. 16-23).

19. It is alleged that Brown was unfit to serve as a front desk agent and created a reasonably foreseeable risk of damage to the guests of the hotel due to his pattern of threatening, aggressive, and violent behavior toward guests of the hotel which was allegedly known to other employees. It is also alleged that the Underlying Defendants were aware or should have been aware that Brown had psychological issues and dangerous propensities.

20. The Original Complaint set forth the following causes of action: (a) Count I: Negligence- Found Hotel; Count II: Negligent Hiring-Found Hotel; Count III: Negligent Infliction of Emotional Distress- Found Hotel; Count IV: Premises Liability-Found Hotel; Count V: Negligence-HWood Group; Count VI: Negligent Hiring-HWood Group; Count VII: Negligent Infliction of Emotional Distress-HWood Group; Count VIII: Negligent Security/Premises Liability-HWood Group; Count IX: Negligence-Hawkins Way; Count X: Negligent Hiring-Hawkins Way; Count XI: Negligent Infliction of Emotional Distress-Hawkins Way; Count XII: Premises Liability-Hawkins Way; Count XIII: Negligence-Kenneth Lunn; Count XIV: Negligent Hiring & Retention-Kenneth Lunn; Count XV: Negligent Infliction of Emotional Distress-Kenneth Lunn; Count XVI: Premises Liability-Kenneth Lunn; Count XVIII: Battery- Brown; Count XIX: Vicarious Liability-Found Hotel; Count XX: Vicarious Liability-HWood Group;

Count XXI: Vicarious Liability-Hawkins Way; Count XXII: Intentional Infliction of Emotional Distress-Brown.

21. On or about December 6, 2024, Hawkins Way provided notice to Endurance of the Underlying Lawsuit.

22. On or about March 17, 2025, Endurance issued a coverage position letter to the Underlying Defendants, denying coverage under the Endurance Policy for the Underlying Lawsuit based upon the Endurance assault and battery exclusion. (Endurance's March 17, 2025 Coverage Position Letter is attached hereto as **Exhibit B**).

23. Thereafter, on or about May 8, 2025, Mr. Bressingham filed his First Amended Complaint. (A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit C**).

24. The allegations in the First Amended Complaint are essentially identical to those set forth in the Original Complaint, including that none of the twenty-two (22) Counts contained within the First Amended Complaint differ from those contained within the Original Complaint.

25. Despite the fact that the First Amended Complaint contains identical causes of action as contained in the Original Complaint, the First Amended Complaint adds additional details presumably obtained from discovery in the Underlying Lawsuit. This includes the additional subparagraphs (l) and (m) in Counts I and IX of the First Amended Complaint that Found Hotel and Hawkins Way, specifically, were negligent for (l) Fail[ing] to immediately and timely call for help and medical assistance for [Bressingham] after he was injured in the attack at Found Hotel; and (m) Fail[ing] to offer or summon medical assistance for guest, [Bressingham], at any time; among others.

26. Both the Original Complaint and First Amended Complaint alleges that "While a

guest at Found Hotel, [Bressingham] was violently and brutally attacked…" (See Exhibit A at Para 26; and Exhibit B at Para 29), and contain identical theories of liability under each of their separate 22 Counts.

27. All of the acts and omissions pled against the Underlying Defendants in the Original Complaint and the First Amended Complaint arise directly or indirectly out of an alleged assault and battery.

28. On or about May 19, 2025, Endurance issued a coverage position letter to the Underlying Defendants with respect to the First Amended Complaint, denying coverage under the Endurance Policy for the Underlying Lawsuit based upon the Endurance assault and battery exclusion. (Endurance's May 19, 2025 Coverage Position Letter is attached hereto as **Exhibit D**).

**THE ENDURANCE POLICY**

29. Endurance issued a Commercial Excess Liability Insurance Policy, bearing policy number ELD30000055205, to Hawkins Way Capital, LLC. for the period January 31, 2021 to January 31, 2022, with limits of $5M per occurrence and in the aggregate (the "Endurance Policy"). (A true and correct copy of the Endurance Policy is attached hereto as **Exhibit E**).

30. The Endurance Policy is excess to various underlying coverages including a primary Commercial General Liability Policy issued by Everest National Insurance Company under policy number CF2GL00048-11which provided $1M in limits (the "Everest Primary Policy"). The Everest Primary Policy does not contain an assault and battery exclusion.

31. The Underlying Plaintiff has demanded an amount in excess of the Everest Primary Policy to resolve the Underlying Lawsuit, and has refused to settle the Underlying Lawsuit for any amount within the Everest Primary Policy, creating a ripe and justiciable controversy with respect

to the indemnification obligations under the Endurance Policy.

32. The Endurance Policy contains the following applicable Insuring Agreement:

INSURING AGREEMENTS

I. COVERAGE
We will pay on behalf of the insured the amount of "loss" covered by this insurance in excess of the "underlying limits of insurance" subject to the LIMITS OF INSURANCE Section. This policy will follow form to the terms, conditions, definitions, and exclusions of the "first underlying insurance" in effect the first day of the Policy Period, <u>except</u> to the extent that the terms, conditions, definitions, and exclusions of this policy differ from the "first underlying insurance." In no event shall this policy provide broader coverage than is provided by any policy in the "underlying insurance" shown in Item 5. of the Declarations, except if specifically provided otherwise by endorsement.

33. The Endurance Policy contains the following relevant definitions:

V. DEFINITIONS
A. "Loss" means those sums actually paid in the settlement or satisfaction of a claim which you are legally obligated to pay as damages, including but not limited to "bodily injury" and "property damage", after making proper deductions for all recoveries and salvage.
B. "Underlying limits of insurance" means the sum of the limits of all applicable "underlying insurance" listed in Item 5. of the Declarations, including self-insured retentions (SIRs), deductibles or other forms of insurance or self-insurance applicable to a given claim or occurrence.

34. The Endurance Policy contains an Assault and Battery Exclusion, which is added by Endorsement, and which provides:

**Assault and Battery Exclusion**

This insurance does not apply to any liability for "bodily injury", "property damage", or "personal and advertising injury" directly or indirectly arising from any actual or alleged:

      a.    "Assault" or "Battery," whether caused by or at the instruction or negligence of the insured, its employees, patrons, or any persons or causes whatsoever, and irrespective of whether the claim alleges any negligent action; and

      b.    Negligent acts, errors or omissions of or by the insured in connection with the hiring, retention, supervision or control of employees, agents or representatives causing, contributing to, relating to or account for the "Assault" or "Battery".

For purposes of this endorsement, the following definitions shall apply:

"Assault" means the apprehension of harmful or offensive contact between, or among, two or mor persons by threat through words or deeds.

"Battery" means the harmful or offensive contact between, or among, two or more persons by personal contact or by instrumentality.

This endorsement shall apply whether or not such "Assault" or "Battery" as so defined is alleged to be intentional, willful, reckless, negligent, or on any other basis.

35.    The Endurance coverage position letters also contained reservation of rights as to the Who is An Insured provisions of the Endurance Policy and Everest Primary Policy, as well as the Notice Provision of the Endurance Policy. The instant Declaratory Judgment Action presumes the Underlying Defendants qualify as Insureds under the Endurance Policy for purposes of the application of the Assault and Battery Exclusion, and Endurance seeks a Declaration regarding its obligations to indemnify the Underlying Defendants as if each qualify as Insureds under its Policy for purposes of the application of the Assault and Battery Exclusion, without waiving any rights to the contrary.

https://cozen-my.sharepoint.com/personal/pmiller_cozen_com/Documents/Sompo Hawkins Way DJ (003).docx

## COUNT I

### ENDURANCE HAS NO DUTY TO INDEMNIFY
### THE UNDERLYING DEFENDANTS WITH RESPECT TO THE
### UNDERLYING LAWSUIT UNDER THE ENDURANCE POLICY
### (ASSAULT AND BATTERY EXCLUSION)

36. Endurance repeats and realleges paragraphs 1 through 35 above as and for paragraph 36 of this Complaint for Declaratory Judgment.

37. There exists an actual controversy of a justiciable nature between the parties concerning the rights and obligations of the parties to the insurance contract.

38. This matter is ripe because there is a dispute regarding Endurance's duties in the settlement and/or adjudication of this matter.

39. Endurance has complied with all of the terms, conditions, and provisions of the insurance contract.

40. By virtue of the foregoing, a declaratory judgment is both necessary and proper in order to set forth the rights, obligations, and liabilities that exist between the parties in connection with the Endurance Policy.

41. Pursuant to the Endurance Policy's Assault and Battery Exclusion Endorsement, the Endurance Policy does not apply to any bodily injury directly or indirectly arising from any actual or alleged "assault" or "battery", whether caused by or at the instruction of negligence of the insured, its employees, patrons, or any persons or causes whatsoever, and irrespective of whether the claim alleges any negligent action; and, negligent acts, errors, or omissions of or by the insured in connection with the hiring, retention, supervision or control of employees, agents or representatives causing, contributing to, relating to or accounting for the "assault" or "battery".

42. The Assault and Battery Exclusion Endorsement specifies that "This endorsement shall apply whether or not any such "assault" or "battery" as so defined is alleged to be intentional, willful, reckless, negligent, or on any other basis."

43. The Underlying Lawsuit alleges bodily injury which was caused by an assault and battery committed by Underlying Defendant Brown, who is alleged to have been an agent and/or employee of Underlying Defendant Found Hotel.

44. The Underlying Lawsuit alleges that the bodily injury sustained by the Underlying Plaintiff as a result of the assault and battery at the Found Hotel was due to the conduct of the Underlying Defendants, including under theories of negligence, negligent hiring, negligent security, negligent inflection of emotional distress, vicarious liability, intentional infliction of emotional distress, and premises liability.

45. The Underlying Lawsuit alleges bodily injury which arises, directly and/or indirectly, out of an actual "assault" and "battery" as defined by the Endurance Policy.

46. Accordingly, the Assault and Battery Exclusion Endorsement of the Endurance Policy precludes coverage for the Underlying Lawsuit.

47. Therefore, Endurance does not have any obligation to indemnify the Underlying Defendants with respect to the Underlying Lawsuit under the Endurance Policy.

**WHEREFORE**, Endurance respectfully requests that this Court enter judgment in its favor and against the defendant:

A. Declaring that Endurance American Insurance Company has no duty to indemnify Hawkins Way Capital, LLC., or any other qualifying insured including the Underlying Defendants, in connection with the lawsuit captioned *Robert J. Bressingham v. 613 North Wells Street, LLC., d/b/a Found Hotel, The HWood Group, LLC, Hawkins Way Capital, LLC., Joel Brown, individually, and Kenneth Lunn, individually*, Case No. 2023L009242, pending in the Circuit Court of Cook County, Illinois; and

B.    Awarding such other and further relief as the Court finds just and proper.

Dated: October 29, 2025

        Respectfully submitted,

        **Endurance American Insurance Company**

        By:   /s/ Kimberly Hansen Petrina
               One of its Attorneys

Kimberly H. Petrina (ARDC #6287085)
Cozen O'Connor
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
Tel: (312) 382-3100
Email: kpetrina@cozen.com